UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLORIA P. SERAFIN

versus

ALLSTATE INSURANCE COMPANY

CIVIL ACTION

NO. 06-6070

SECTION: E/3

## ORDER AND REASONS

Plaintiff ("Serafin") filed a motion to remand this case to the Civil District Court for the Parish of Orleans. Record document #8. Allstate has not filed an opposition to the motion. However, after considering the motion, memoranda, the record and the law, the motion to remand is DENIED.

### BACKGROUND

Serafin filed suit *pro se* in state court on August 21, 2006, against Allstate, which issued her homeowners' insurance policy. Her "PRO SE COMPLAINT" consists of a form, apparently provided by the Civil District Court for use by victims of Hurricanes Katrina/Rita, on which Serafin filled in the appropriate blanks. At ¶4, she states that her insurance policy provides coverage of up to $153,000.00, and at ¶6, she states that "[t]he insured loss is estimated to be at least, but not limited to, $ 75,000. Allstate removed the action.

On November 28, 2006, Serafin filed this motion to remand, claiming that her case is worth less than $75,000 dollars. Rec. Doc. #8. On the same day, she filed the following stipulation: "I stipulate that my case is worth less than $75,000." While

Allstate has not timely filed an opposition to the motion to remand, its counsel provided the court with a copy of a letter emailed to Serafin, which is attached hereto, addressing its reservations regarding her stipulation.

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).  In a diversity case, the minimum jurisdictional amount is $75,000.00.  28 U.S.C. § 1332(a).

It is facially apparent from Serafin's *PRO SE* COMPLAINT that the amount in controversy is at least $75,000.00.  Moreover, even this were not so, or if the amount in controversy were ambiguous, Serafin's stipulation falls short of the mark.  In Louisiana, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000.00 for her stipulations to be binding.  Davis v. State Farm, 2006 WL 1581272, *2 (E.D.La. 06/07/06).  Serafin's stipulation makes no such affirmative

renunciation.

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, February 13, 2007.

_____
MARCEL LIVAUDAIS, JR.
Senior United States District Judge

CHRISTOPHER B. LAWLER
JAMES F. DONOVAN, JR
JAMES F. RYAN
P. M. DONOVAN
CHRISTOPHER P. LAWLER

BRANDI F. KRAUN

**DONOVAN & LAWLER**
A PROFESSIONAL LAW CORPORATION
4640 RYE STREET, SUITE 200
METAIRIE, LA 70006

(504) 454-6808
FAX: (504) 887-5885

WRITER'S EMAIL:
DOCONNOR@DONOVANLAWLER.COM
REPLY TO COVINGTON OFFICE

JAMES F. DONOVAN
(1930-1991)

DARRIN M. O'CONNOR
5100 VILLAGE WALK
SUITE 200
COVINGTON, LA 70433
(985) 809-8020
FAX: (985) 809-8022

Tuesday, January 16, 2007

Ms. Gloria Serafin
5908 General Haig Street
New Orleans, LA 70124

RE:   *Gloria P. Serafin v. Allstate Insurance Company*
      USDC No.: 2006-6070, "E", 3
      Claim No.: 5113509193
      Insured: Gloria Serafin
      **Our File No.: 15-6112**

Dear Ms. Serafin:

  Please allow this letter to serve to confirm our telephone conversation on January 11, 2007, wherein I have advised you that I am representing Allstate Insurance Company in reference to the claim which you have filed against them in the above captioned matter.

  As you are aware, you have recently filed a Motion to Remand the claim from the United States District Court in the Eastern District of Louisiana back to state court by representing that your case is worth less than $75,000.00. It is my understanding after speaking with you that you wish not to enter into a Binding Stipulation that the entire value of your claim does not exceed at sum of $75,000.00. Rather, you wish to reserve your right to amend your present stance that your claim is worth less than $75,000.00. Pursuant to our agreement, it is my understanding you will contact me if you conclude that your claim is worth more than $75,000.00, in order that the matter can be moved back to the United States District Court.

  At this time, I will await to hear back from you in regards to the evaluation of any outstanding claim which you allege arises out of your loss from Hurricane Katrina. It is my understanding that at some point in the future you will forward to me a contents list for an evaluation as to that portion of the claim. Please note that should you wish to ever consider mediation in this matter, I ask that you please contact me regarding same.

I look forward to working with you in this matter and should you have any questions in regards to the claim, please do not hesitate to contact me.

With kind regards, I remain

Very truly yours,

Darrin M. O'Connor

DMO/tbh

CC:   Mr. Steve Lihosit

E-MAILED
1/10/07